UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERRICK TATE | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT |
| OCWEN LOAN SERVICING, LLC. | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT TO
THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, DERRICK TATE ("Derrick"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, OCWEN LOAN SERVICING, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Derrick brings this action as a consumer to secure redress from unlawful credit and collection practices engaged in by Defendant. Derrick alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA) and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA").

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and ICFA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in the Northern District of Illinois and Defendant's collection communications and practices impacted Derrick within the Northern District of Illinois.

## PARTIES

4. Derrick is natural person residing at 1934 North Mansard, Unit 1E, Griffith, Indiana 46319.

5. Derrick is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

6. At all times relevant to the action, Defendant was a limited liability company with its principal place of business located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33146. Defendant transacts business in Illinois. Defendant's Illinois registered agent is Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7. Defendant is a loan servicing company that is in the business of purchasing mortgage loans which are in default. According to Defendant's website, "Ocwen is the industry leader in servicing high-risk loans." See www.ocwen.com, "About Us: Our Company," http://www.ocwen.com/our-company (last visited July 18, 2014).

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9. At all times relevant to this complaint, the Defendant was collecting on a consumer debt as defined by 15 U.S.C. §1692 a(5).

**FACTS SUPPORTING CAUSES OF ACTION**

10. On or about April 19, 2007, Derrick obtained a residential mortgage secured by real property located at 7 Vigilance Court, Bolingbrook, Illinois 60440 from Countrywide Financial ("subject debt").

11. In December 2008, Derrick defaulted on the subject debt.

12. On May 10, 2010, Derrick filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, case number 10-21272, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362.

13. Upon information and belief, the subject debt was made part of a mortgage backed securitization trust, the trustee of which is Chase Home Finance, LLC/Citibank, N.A. ("Chase"). *See* attached Exhibit A is a true and correct copy of Chase's Motion to Modify the Automatic Stay filed in Derrick's bankruptcy case.

14. Chase serviced the subject debt at that time. *Id.* at ¶ 2.

15. Derrick listed Chase as a secured creditor on his bankruptcy Schedule D. *See* attached Exhibit B is a true and accurate copy of Schedule D filed with Derrick's Bankruptcy Petition.

16. By virtue of Derrick listing Chase as a creditor, the Bankruptcy Noticing Center ("BNC") sent Chase notice of the bankruptcy filing. *See* attached Exhibit C is a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the notice of bankruptcy filing upon Chase.

17. Derrick's meeting of creditors was held on July 15, 2010.

18. A representative of Chase did not attend the meeting of creditors.

19. On September 14, 2010, Derrick was discharged of all dischargeable debts, including the subject debt, pursuant to Section 727 of the Bankruptcy Code.

20. On September 16, 2010, the BNC served Chase with a copy of the Discharge Order entered in Derrick's bankruptcy case. *See* attached Exhibit D is a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the Discharge Order upon Chase.

21. On April 2, 2012, Defendant acquired the servicing rights to the subject debt. *See* attached Exhibit E is a true and correct copy of the Notice of Assignment, Sale, or Transfer of Servicing Rights sent from Chase to Derrick, dated March 12, 2012.

22. Defendant acquired the servicing rights to the subject debt after Derrick was in default on the subject debt and nearly two full years after his bankruptcy filing.

23. Defendant had knowledge of the discharged status of the subject debt at the time it acquired the servicing rights to the subject debt from Chase.

24. After it acquired the servicing rights to the subject debt, and with actual knowledge of Plaintiff's Chapter 7 bankruptcy and his subsequent discharge thereafter, Defendant continued to send demands for payment on the subject debt.

25. On July 17, 2012, Defendant sent an account statement for the subject debt to Derrick indicating an amount due of $107,037.68. *See* attached Exhibit F is a true and correct copy of the July 17, 2012 statement sent by Defendant to Plaintiff.

26. On September 17, 2012, Defendant sent an account statement for the subject debt to Derrick indicating an amount due of $111,798.30. *See* attached Exhibit G is a true and correct copy of the September 17, 2012 statement sent by Defendant to Plaintiff.

27. On October 17, 2012, Defendant sent an account statement for the subject debt to Derrick indicating an amount due of $114,346.44. *See* attached Exhibit H is a true and correct copy of the October 17, 2012 statement sent by Defendant to Plaintiff.

28. On September 17, 2013, Defendant sent an account statement for the subject debt to Derrick indicating an amount due of $143,716.35. *See* attached Exhibit I is a true and correct copy of the September 17, 2013 statement sent by Defendant to Plaintiff.

29. Each statement included a detachable payment coupon with the instructions:

> "PLEASE DETACH AND RETURN BOTTOM PORTION WITH THE PAYMENT IN THE ENCLOSED ENVELOPE …" *See* Exhibits F - I.

30. Each statement stated that a monetary amount is due.

31. Furthermore, each statement stated:

> "We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report." *Id.*

32. Defendant, as a sophisticated creditor, should have systems and procedures in place to identify accounts discharged in bankruptcy.

33. All of Defendant's collection efforts occurred with actual knowledge of Derrick's bankruptcy filing.

34. Concerned about the violations of his rights and protections afforded by virtue of filing his Chapter 7 case, Derrick sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

35. Derrick has expended time and incurred costs consulting with his attorneys as a result of Defendant's deceptive collection actions.

36. Derrick was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the discharged subject debt.

37. Derrick suffered from emotional distress by Defendant's unlawful attempts to collect the discharged subject debt as he was led to believe his bankruptcy had no legal effect.

5

**COUNT I -- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

38. Derrick repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Defendant violated 15 U.S.C. §§1692e(2), e(10), f, and f(1) through its debt collection efforts.

40. Defendant violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Defendant demanded payment of the subject debt because it was discharged in Derrick's Chapter 7 bankruptcy.

41. Similarly, Defendant violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time of the demands as the subject debt was not owed by virtue of Derrick's bankruptcy discharge.

42. Defendant violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt as Derrick's obligation to Defendant was discharged in bankruptcy, and thus he did not have a duty or obligation to make the payment demanded.

43. It was inherently unfair and deceptive for Defendant to attempt to collect the discharged subject debt from Derrick, an unsophisticated consumer.

44. It is also inherently deceptive and oppressive for Defendant to induce Derrick into paying a debt that he does not owe by threatening to report his non-payment to the credit bureaus.

45. Given that the underlying subject debt was duly scheduled in Derrick's bankruptcy and subsequently discharged, Defendant had no legal right to attempt to collect the subject debt from Derrick.

46. Furthermore, Defendant violated 15 U.S.C. §1692(f)(1) by attempting to collect an amount not permitted by law as Derrick's obligation to pay the subject debt was extinguished by his bankruptcy discharge.

47. In doing so, Defendant has shown willful and malicious disregard towards the Bankruptcy Code and the FDCPA.

48. As pled in paragraphs 34 to 37, Derrick has suffered damages as a result of Defendant's unlawful collection practices.

WHEREFORE, Plaintiff, DERRICK TATE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Derrick statutory damages of $1,000 as prescribed by the FDCPA;

c. awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. awarding Derrick costs and reasonable attorney fees as provided under 15 U.S.C. §1692 and;

e. awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II --VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

49. Derrick restates and realleges paragraphs 1 through 37 as though fully set forth herein.

50. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Derrick.

51. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared

> unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

52. Derrick is a consumer as defined by ICFA, 815 ILCS 505/1(e).

53. Defendant's attempt to collect a debt is part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

54. Defendant's demands for payment on the subject debt, which was duly scheduled in Derrick's bankruptcy and subsequently discharged, represents the use of deception, fraud and false pretense in an attempt to collect a debt that was not collectable at the time the demands for payment were made by Defendant.

55. It is inherently deceptive and oppressive for Defendant to induce Derrick into paying a debt that he does not owe by threatening to report his non-payment to the credit bureaus.

56. Defendant had actual knowledge of Derrick's bankruptcy discharge when it attempted to unlawfully collect on the uncollectable subject debt.

57. Defendant intended that Derrick rely on its misrepresentations in its efforts to induce Derrick in paying a debt that he no longer owed and a debt that cannot be legally enforced.

58. ICFA was designed to protect consumers, such as Derrick, from the exact behavior committed by Defendant.

59. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

60. As pled in paragraphs 34 to 37, Derrick has suffered damages as a result of Defendant's unlawful collection practices.

61. As such, Derrick is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, DERRICK TATE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Derrick actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. awarding the Derrick costs and reasonable attorney fees;

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 20, 2014                              Respectfully Submitted,

/s/ Mohammed O. Badwan
/s/ Daniel J. McGarry
Mohammed O. Badwan, Esq. ARDC#6299011
Daniel J. McGarry, Esq. ARDC#6309647
Counsel for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188