**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DERRICK TATE, | |
| Plaintiff, | No. 1:14-cv-05528 |
| v. | Judge Elaine E. Bucklo |
| | Magistrate Judge Michael t. Mason |
| OCWEN LOAN SERVICING, LLC. | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

NOW COMES the Plaintiff, DERRICK TATE ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., and in response to Defendant OCWEN LOAN SERVICING, LLC's ("Defendant") Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), stating as follows:

**BACKGROUND**

1.   On or about April 19, 2007, Derrick obtained a residential mortgage loan secured by real property located at 7 Vigilance Court, Bolingbrook, Illinois 60440 from Countrywide Financial ("subject debt"). *Pl. Comp. ¶10.*

2.   In December 2008, Derrick defaulted on the subject debt. *Pl. Comp.* ¶11.

3.   On May 10, 2010, Derrick filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, case number 10-21272. *Pl. Comp.* ¶12.

4.   On September 14, 2010, Derrick was discharged of all dischargeable debts, including the subject debt, pursuant to Section 727 of the Bankruptcy Code. *Pl. Comp.* ¶19.

5. On April 2, 2012, Defendant acquired the servicing rights to the subject debt after it was in default and after it was discharged in Plaintiff's bankruptcy. *Pl. Comp.* ¶¶21,22.

6. Between July 2012 and September 2013, Defendant sent four (4) account statements relating to the subject debt demanding payment on the subject debt. *Pl. Comp.* ¶¶25-28, Exhibits F through I.

7. Each statement included a detachable payment coupon with the instructions:

> "PLEASE DETACH AND RETURN BOTTOM PORTION WITH THE PAYMENT IN THE ENCLOSED ENVELOPE …" *Pl. Comp.* ¶29.

8. Furthermore, each statement stated:

> "We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report." *Pl. Comp.* ¶31.

## INTRODUCTION

The facts set forth in Plaintiff's Complaint appear to be wholly uncontested. Defendant's Motion to Dismiss contends that the statements sent to Plaintiff were not misleading demands for payments and are permissible under the Bankruptcy Code; thus in compliance with the FDCPA and ICFA.[1] *Def. Mot. pg. 5-12*. Specifically, Defendant argues that Plaintiff's complaint should be dismissed in its entirety because: (1) Plaintiff's FDCPA claim fails because the monthly statements were not an attempt to collect a personal debt and thus were not deceptive and misleading and; (2) Plaintiff's ICFA claims fails as a matter of law because the statements were not deceptive and misleading. *Id.* Defendant seeks to shield itself from FDCPA and ICFA liability based on the following disclaimer in the statements:

---

[1] Defendant notes in their Motion to Dismiss that only one of the four statements fall within the 1 year statute of limitations prescribed by the FDCPA. Plaintiff does not dispute this fact and asserts it is not fatal to his FDCPA or ICFA claims as one misleading statement is sufficient to state a claim under the FDCPA and ICFA. Plaintiff pled the statements outside of the statute of limitations of the FDCPA as they are within ICFA's three year statute of limitations.

2

> If you or your account are subject to pending bankruptcy or the obligation referenced in this statement has been discharged in bankruptcy, this statement is for informational purposes only and is not an attempt to collect a debt. If you have questions regarding this statement, or do not want Ocwen to send you monthly statements in the future, please contact us at 1-888-554-6599. *Def. Mot. pg. 3*

Unfortunately for Defendant, it cannot use boilerplate language included in its one size fits all correspondences to debtors to shield itself from liability from the broad consumer protections afforded by the FDCPA and ICFA. As set forth below, Defendant's reliance on the disclaimer to shield itself from FDCPA and ICFA liability has no legal basis. At best, a factual dispute exists to determine if Defendant's statements would confuse and mislead the "unsophisticated consumer."

## STANDARD UNDER FED. R. CIV. P. 12(b)(6)

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In ruling on a pending motion to dismiss, the court must construe the allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010). In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Ford v. Neese,* 119 F.3d 560, 563 (7th Cir. 1997).

## ARGUMENT

## I. DISMISSAL OF PLAINTIFF'S CLAIMS AT THE PLEADING STAGE IS INAPPROPRIATE

Section 1692(e) of the FDCPA generally prohibits false, deceptive, or misleading collection activities. The provision prohibits false representation of the legal status of any debt.

*Turner v. J.V.D.B. & Associates, Inc.* 330 F.3d 991, 995 (7th Cir. 2003). "This circuit has held that §1692(e) applies even when a false representation was unintentional." *Id.*

"Alleged violations of the FDCPA §§1692e and 1692f are judged using the objective standard of an unsophisticated consumer. If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA, even if it is false in some technical sense. The unsophisticated debtor is uninformed, naive, and trusting but is also assumed to posses rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Clark v. Pinnacle Credit Services, LLC* 697 F.Supp 2d. 995, 999 (N.D. Ill.2010)(citing *Ruth v. Triumph P'ships¸* 557 F.3d 790, 799-800, 801 (7th Cir. 2003)).

Most importantly, "the rule in the Seventh Circuit [is] that the unsophisticated consumer standard is generally a fact issue that cannot be decided at the pleading stage. As Judge Easterbrook explained in *Walker v. National Recovery, Inc.,* 200 F.3d 500, 501 (7th Cir.1999):

> 'How a particular notice affects its audience is a question of fact, which may be explored by testimony and devices such as consumer surveys. We held accordingly in *Johnson v. Revenue Management Corp.,* 169 F.3d 1057 (7th Cir.1999), that a complaint alleging that a particular notice confuses recipients may not be dismissed under Fed.R.Civ.P. 12(b)(6)—not only because 'this notice is confusing' states a claim on which relief may be granted, but also because district judges are not good proxies for the 'unsophisticated consumers' whose interests the statute protects.'" *Janetos v. Fulton Friedman & Gullace, LLP et al.,* 2013 WL 791325 (N.D. Ill. 2013)

Defendant improperly attempts to dismiss Plaintiff's claims by conclusively asserting that its statements are not misleading to the unsophisticated consumer. However, the Seventh Circuit in *Walker v. National Recovery, Inc.* established that the question of whether an underlying communication is misleading is a question of fact and may not be dismissed under Fed. R. Civ. P. 12(b)(6). Consequently, dismissal of Plaintiff's claims is inappropriate as a matter of law.

## II. THE STATEMENT CONSPICOUSLY ATTEMPTS TO COLLECT A DISCHARGED DEBT

### A. The Monthly Statement Was a False Representation of the Legal Status of the Subject Debt and Was Misleading

Assuming, *arguendo*, that this Honorable Court may decide whether the Defendant's statement would be misleading to the unsophisticated consumer at the pleading stage, the Court should deny Defendant's Motion as the statement is misleading on its face. As set forth below, Defendant's statement expressly attempts to collect on a debt that is not owed by virtue of Plaintiff's bankruptcy discharge. The statement is misleading because it would require a consumer to have a legal background to determine if he must make payment or not. Plaintiff was clearly confused by the statement as demonstrated by the fact that his confusion led him to seek the advise of an attorney to determine if he is liable on the subject debt.

Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts. 11 U.S.C. §524(a)(2). "The injunction is to give complete effect to the discharge to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts. This paragraph has been expanded to....cover any act to collect, such as dunning by telephone or letter, or indirectly through...harassment, threats of repossession and the like. The change is...intended to ensure that once a debt is discharged, the debtor will not be pressured in any way to repay it." *In re Mooney*, 340 B.R. 351, 358 (Bankr.E.D.Tex.2006).

Here, there is no dispute that the Plaintiff's personal liability on the subject debt was discharged. Consequently, the question turns to whether Defendant's statement would mislead an unsophisticated consumer into believing that the subject debt is owed or whether it falsely characterizes the legal status of the debt. Defendant argues that its boilerplate disclaimer on the

*back* of the statement negates any express demand for payment on the discharged debt, and thus the statement is not misleading or false. Defendant's position defies common sense, reason, and logic.

First, the front of the statement expressly states that $132,373.22 is "DUE IMMEDIATELY." That statement is false and misleading because the Plaintiff's obligation to Defendant was discharged in his bankruptcy.

Second, the statement falsely states:

> "we may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report...."

Again, the credit bureaus statement is false because Defendant can not report a discharged debt to a credit bureau because it is no longer owed.

Third, the statement includes a "Payment Coupon" with the instructions:

> "PLEASE DETACH AND RETURN BOTTOM PORTION WITH PAYMENT IN THE ENCLOSED ENVELOPE WITH ADDRESS VISIBLE. PLEASE DO NO SEND CORRESPONDENCE WITH YOUR PAYMENT. ALWAYS WRITE YOUR ACCOUNT NUMBER ON YOUR CHECK."

The Payment Coupon further states "AMOUNT DUE: $143,716.35" and threatens a "Late Charge of: $73.66." The Payment Coupon and its express language are misleading because Plaintiff does not actually owe any money to Defendant.

Clearly, the totality of circumstances demonstrate that the only purpose the statement serves is to collect money from the Plaintiff, as evidenced by the immediate demand for payment, threat to report a non-payment to the credit bureaus, and the inclusion of the payment coupon. The statement is inherently misleading as it attempts to collect a debt that is not legally owed.

Defendant attempts to negate the conspicuous demands for payment on a discharged debt by pointing to the boilerplate disclaimer on the back of the statement. Although clever, "FDCPA coverage is not defeated by clever arguments for technical loopholes that seek to devour the protections Congress intended." *Donnelly-Tovar v. Selected Portfolio Servicing,* 945 F.Supp.2d 1037, 1047 (N.D.Neb. 2013). At the very least, dismissal is inappropriate as there as an issue of material fact of whether the statement is misleading to an unsophisticated consumer. *See Barton v. Ocwen Loan Servicing, LLC,* 2013 WL 5781324 (D.Minn.2013)(denying summary judgment in favor of Ocwen on the issue of whether a bankruptcy disclaimer similar to the one at bar exonerates Ocwen from FDCPA liability; holding that a reasonable juror could find that the notices were an attempt to collect a discharged debt through misleading statements or unfair practices.)

Other courts have addressed Defendant's disclaimer defense and equally rejected it. In *Lara v. Specialized Loan Servicing, LLC,* 2013 WL 4804387 (S.D.Fla. 2013), the Court held that a statement sent by the defendant "is objectively misleading under the applicable standard that it misrepresents the legal status of Plaintiff's debt by, *inter alia,* stating the date on which the next payment is due, despite the debt having been discharged in bankruptcy." *Id.* at *1. The *Lara* Court further found that numerous correspondences sent by Defendant that included a bankruptcy disclaimer did not alter the letter's overall misleading effect. *Id.* The *Lara* Court specifically found that a correspondence including a mail-in payment coupon with a payment amount and instructions relating to a discharged debt misrepresented the legal status of the debt and was in violation of the FDCPA. *Id.*

The Court in *Zotow v. BAC Home Loans Servicing, LP*, 432 B.R. 252, 259 (9th Cir. BAP 2010), similarly addressed whether the bankruptcy disclaimer language exonerates a creditor from unlawful collection liability. The Court stated:

> "[I]n the end, one distinguishing factor between permissible and prohibited communication is evidence indicating harassment and coercion. When such evidence is present, a disclaimer on the communication that it was being sent for 'informational purposes only' is ineffective. For example, the bankruptcy court in *Draper* found that the lender-creditor violated the automatic stay despite the disclaimer because the invoice included amounts past due, the lender included a payment coupon and envelope with its invoice, and the lender continued to send the invoices to debtor post-confirmation after the debtor and his attorney requested it to stop." *Id.*

The *Zotow* court reached its conclusion notwithstanding the fact that the debtor in that case had not even received a discharge yet. Here, the Plaintiff had been discharged of the subject debt for over *four* years yet he was still receiving demands for payment.

Finally, the Court in *Bibolotti v. American Home Mortgage Servicing,* 2013 WL 2147949 (E.D.Tex. 2013) also addressed whether a bankruptcy disclaimer on a mortgage statement negates its demand for payment. In *Bibolotti,* the Court held:

> "Although the letters do contain the disclaimer language, the Court finds that this language is not conspicuously located, in fact, the language is located at the end of the letter on the second page, and is not distinguishable in any way from the other text contained in the letter. Further, the some of the letters indicate that there is a past due amount, an outstanding balance, and the payment dates. The disclaimer language basically amounts to an admission that is an attempt to collect a debt, unless, of course, the debtor is under the protection of federal bankruptcy law. In that case, the letter is merely for informational purposes. Thus, the Court finds this language is insufficient to make these communications permissible communications under the discharge injunction." *Id.* *14

Here, similar to *Bibolotti,* the disclaimer language is on the back of the statement and is not distinguishable in any manner. Quite simply, the disclaimer language does not negate the express demands for payment on the front of the statement.

Defendant cites to three cases to advance its position that disclaimer language is sufficient to negate violations of the bankruptcy stay and discharge injunction. Not surprising,

Defendant summarily cites the cases without an analysis of the facts. The facts in each case illustrate they are distinguishable from the facts at bar.

The first case, *Zotow v. Johnson,* is cited in this response and augments Plaintiff's position. Defendant grossly mischaracterizes the holding in *Zotow*. The *Zotow* court found that disclaimer language in *one* of the letters sent to debtors was in fact for "informational purposes" and was not an attempt to collect a debt. However, the statement found to be for "informational purposes" did not contain a demand for payment or a payment coupon as the one sent by Defendant. The court noted "an attached payment coupon does not have such an informational purpose." *Id.* 259-260. Also, the debtors in *Zotow* resided in the subject property and filed the bankruptcy in order to *keep* their home by curing the default. Here, the Plaintiff did not reside in the subject property, had not made a payment in over four years, and did not express any intention to make future payments. Consequently, Defendant's reliance on *Zotow* is misplaced.

In the second case cited by Defendant, *Mele v. Bank of Am. Home Loans (In re Mele),* 486 B.R. 546 (Bankr.N.D.Ga.2013), the Court found that fifteen statements sent to plaintiff were not attempts to collect a debt. However, the facts in *Mele* are distinguishable. In *Mele,* the plaintiff resided in the home and had expressed an intent to retain the home to defendant. Furthermore, the statements did not contain payment coupons or seek payment from plaintiff and "two-thirds of the documents sent to plaintiff merely provide information or responded to plaintiff's request for information." *Id.* at 588. The statements sought to "faciliate retention" and "payoff" of plaintiff's home and were designed to inform plaintiff of the mortgagee's *in rem* rights. *Id.* Here, unlike *Mele,* Plaintiff did not reside in the property, did not express an intent to make payments, had not made payments in over four years, and did not provoke Defendant into sending the statements. Consequently, Defendant's reliance on *Mele* misses the mark.

Lastly, Defendant cites to *In re Nordlund,* 494 B.R. 507 (Bankr.E.D.2011) in support of its position. Again, Defendant grossly mischaracterizes the holding in *Nordlund* and the case actually supports Plaintiff's position. In *Nordlund,* the court found that *some* of the statements sent to the debtors were not attempts to collect a discharged debt. Specifically, those statements conspicuously stated on the top of the first page that debtors "have received a discharge,""[debtors] cannot be pressured to pay this debt," the statements are "not a demand for payment," and are "providing loan information as a courtesy." *Id.* at 517. The court ultimately held that the mortgagee did violate the discharge injunction by sending a correspondence that stated "the total outstanding balance on [debtors'] loan is $454,538.33" notwithstanding a bankruptcy disclaimer contained in the correspondence. *Id.* Here, the Defendant's statement states that the Plaintiff owes $143,716.35 on a discharged debt and that the debt is due "DUE IMMEDIATELY." Furthermore, Defendant includes a payment coupon with its statement. Clearly, Defendant's statement is far more egregious than the statement in *Nordlund* as it demands a payment and attaches a payment coupon.

As set forth above, Defendant's contention that the bankruptcy disclaimer negates its express demands for payment on a discharged debt is disingenuous and has been rejected by numerous courts. The totality of circumstances demonstrate that Defendant's statements served one misleading purpose; to collect a discharged debt. The statement is misleading on its face as it misleads the discharged debtor into believing money is owed on a debt that no longer exists.

**B.     Defendant's Statement Served No Informational Purpose**

Defendant attempts to distract the court with the red herring that it retains a security interest in the property securing the discharge debt. Defendant argues that it sent statements to Plaintiff "for informational purposes only in case he wished to avoid a valid, *in rem* claim--a

10

foreclosure judgment and order of possession." *Def. Mot.* pg. 9. Defendant argues that finding the statement to be a violation of the FDCPA would "suddenly make the sending of monthly statements to every debtor who, like [Plaintiff] had not reaffirmed the mortgage, or forfeited or redeemed the property during bankruptcy, a potential violation of the FDCPA. *Id.* Unfortunately for Defendant, retaining a security interest in collateral securing a discharged debt is not a license to violate the discharge injunction and mislead Plaintiff into believing he still has personal liability.

"The discharge injunction does not prohibit all communications between a creditor and the debtor, only those designed to 'collect, recover or offset any such debt as a personal liability of the debtor.'" *In re Whitaker,* 2013 WL 2467932, at *8 (Bankr.E.D.Tenn. 2013). "To hold that a secured creditor is precluded from sending monthly billing statements to a debtor...would solely force debtors to guess, with little guidance, the due date and proper amount of their monthly payments. This would unduly complicate the lives of debtors and likely result in a greater number of missed payments and foreclosures by creditors. This could not be the intent of Congress in passing 11 U.S.C. §524(a)(2)." *In re Ramirez*, 280 B.R. 252, 285 (C.D.Cal.2002).

Here, the Plaintiff does not contend that *any* communication between a discharged debtor and secured creditor is misleading and a violation of the discharge injunction. In fact, post-discharge communication can be beneficial for both the debtor and secured creditor if the debtor wishes to continue making payments so he can retain the collateral. However, post-discharge communications are permissible and not misleading if the debtor retains a vested interest in the property; for example, the debtor resides in the property and expresses an intent to maintain payments to the mortgagee to avoid foreclosure. Here, the Plaintiff has not resided in the property nor made payments on the subject debt for at least four years. Defendant clearly is

11

aware of this fact as the statements were mailed to a different address than the collateral securing the discharged debt. Furthermore, Plaintiff listed a different address in his bankruptcy petition than the address of the collateral securing the subject debt. *See* attached Exhibit A is a true and accurate copy of the Plaintiff's bankruptcy petition. Defendant's predecessor, Chase, actively participated in Plaintiff's bankruptcy by filing a Motion for Relief from Stay to enforce its security interest. *See Pl. Compl.* Exhibit A. The Motion states that "debtor's mailing address is different from 7 Vigilance Court, Bolinbrook, IL [collateral securing the subject debt]." *Id. at* pg. 4. The Motion further alleges that the Plaintiff was 18 months in default at the time he filed his bankruptcy in 2010.

Here, Plaintiff has never contacted Defendant and expressed an intention to keep the property and maintain payments. Instead of enforcing its security interest, Defendant decided to illegally hound the Plaintiff for payments on the discharged debt under the disguise of "informational statements." Clearly Plaintiff did need any "information" on a property that he vacated years ago. Defendant has been free to foreclose on the subject property since 2010. However, for some unclear reason, it chose to demand payment on the discharged subject debt instead of enforcing its security interest.

The facts in this case are on point with the facts in *Bibolotti*. In *Bibolotii,* the Defendant continued sending "informational statements" to the Plaintiff notwithstanding the fact that "Defendant (1) had knowledge that Plaintiff vacated the Property, and had had knowledge for significant period of time; (2) obtained relief from the bankruptcy stay to proceed with foreclosure; and (3) received notice of debtor's discharge." *Id.* at *14. Here, the Defendant had knowledge that Plaintiff vacated the property for significant period of time, obtained relief from the bankruptcy stay to proceed with foreclosure, and received notice of Plaintiff's discharge.

The *Bibolotti* court also rejected the slippery slope argument advanced by Defendant about not being able to service loans after bankruptcy in fear that the communication may violate the discharge. Specifically, the Court found that "this is not accurate. The Court in no way is precluding Defendants from sending communications regarding servicing a loan or pursuing its rights *in rem,* in a way that does not violate the bankruptcy discharge injunction." *Id.* The Court further stated that the Defendant merely has to be more "cautious about the types of correspondence" and the "contents of the correspondence" in servicing discharged loans. The *Bibolotti* Court ultimately found that it is disingenuous for Defendant to argue that its post-discharge communications were solely for informational purposes. *Id.* at *15.

The Defendant cites to two cases to advance its argument that the informational purposes statements are necessary to avoid a contractual default and potential foreclosure and are not a violation of the discharge injunction. However, both cases lend no support to Defendant's flawed position.

The first, *Kibler v. WFS Financial Inc.,* 2001 WL 388764 (Bankr.E.D.Cal. 2001), is factually distinguishable. In *Kibler,* Plaintiffs sought class certification in their action against the Defendant. One of the counts raised by Plaintiff was that Defendant's continued monthly billings without a reaffirmation agreement violated Plaintiffs' rights under the Bankruptcy Code. The *Kibler* Court only addressed the monthly billing issue in its analysis of the typicality requirement of class certification. The Court ultimately ruled that the typicality requirement was not met and dismissed the class count relating to the statements. The Court did not address the legality of post-discharge statements.

The second, *In re Ramirez*, 280 B.R. 252 (C.D.Cal. 2002), is also factually distinguishable. In *Ramirez*, the Court ultimately held that GMAC did not violate the discharge

13

injunction by sending monthly billing statements to the discharged debtor. However, in *Ramirez*, GMAC changed its statements to debtor after the entry of discharge from its standard pre-discharge statements to "Transaction Summary of Voluntary Payments Made." The Court found that the statements were clearly not an attempt to collect a discharged debt as demonstrated by the fact that GMAC took steps to change its standard statements to expressly state that any payments are voluntary. Furthermore, the debtor in *Ramirez* kept making payments on his vehicle and wished to retain it. Here, the Plaintiff has not made a payment to Defendant for four years and has never expressed an intention to keep the property. More importantly, Defendant's statements demand payments "immediately due."

### III. DEFENDANT'S STATEMENTS VIOLATE ICFA

Defendant argues that Plaintiff's ICFA count fails as a matter of law by conclusively stating there was no deceptive statement or oppressive conduct. Defendant contends that there was no deception because there was a valid *in rem* debt owed to Defendant and that the statement was for informational purposes and not an attempt to collect a debt. However, Plaintiff's ICFA count is well pled and meets the statutory elements of ICFA. To plead a cause of action for violation of ICFA, plaintiff must allege (1) a deceptive act or practice by a defendant; (2) a defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception was during a conduct involving trade and commerce. *Robinson v. Toyota Motor Credit Corp.,* 201 Ill.2d. 403, 418 (Ill. 2002). Here, Plaintiff's complaint pleads the required elements. Specifically, Plaintiff alleges that Defendant's conduct in attempting to collect a debt that is not owed is deceptive, that the attempt to collect a debt is part of conduct of any trade or commerce, and that Defendant intended that Plaintiff rely on its misrepresentations. *Pl. Comp.* ¶¶53-57. In ruling on a motion to dismiss, all well-pleaded facts are accepted as true,

14

and all reasonable inferences are drawn in the plaintiff's favor." *Hale v.* Chu¸614 F.3d 741, 744 (7th Cir. 2010). Given that Plaintiff has pled facts to meet the elemens to support an ICFA claim, all of his well-plead facts are accepted. Consequently, Plaintiff's ICFA claim must survive as a matter of law.

## CONCLUSION

Defendant's statements are false and misleading on their face as they attempt to collect on a debt that is not owed by Plaintiff. Defendant's attempt to dismiss this case in its entirety is inappropriate because Defendant has unilaterally made the conclusion that its statements would not deceive the "unsophisticated consumer." Unfortunately for Defendant, the Seventh Circuit has held that the "unsophisticated consumer" standard is generally a fact issue that cannot be decided at the pleading stage. *Walker v. National Recovery, Inc*., 200 F.3d 500, 501. Defendant's Motion to Dismiss must fail as a matter of law.

WHEREFORE, Plaintiff, Derrick Tate, respectfully requests this Honorable Court deny Defendant's Motion to Dismiss in its entirety and for any other relief this Honorable Court deems just and appropriate.

Dated: October 15, 2014                      Respectfully Submitted,


                                             /s/Mohammed O. Badwan
                                             Mohammed O. Badwan, Esq. ARDC#6299011
                                             *Counsel for Plaintiff*
                                             Sulaiman Law Group, LTD.
                                             900 Jorie Blvd, Ste 150
                                             Oak Brook, IL 60523
                                             Phone (630)575-8181