IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Derrick Tate, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 5528 |
| | ) |
| Ocwen Loan Servicing, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

ORDER

Defendant's motion to dismiss is denied.

STATEMENT

Plaintiff's complaint alleges that account statements he received from defendant, which related to a mortgage for which he no longer had personal liability because the debt had been discharged in Chapter 7 bankruptcy proceedings, violated the FDCPA and the ICFA.[1] Defendant argues that the account statements did not violate either statute as a matter of law because they could not be confused with an attempt to collect a debt and therefore were not misleading or deceptive. But the documents themselves—which have the overall appearance of monthly mortgage statements on which payment is sought,

---

[1] The complaint alleges four communications in total, but the parties agree that only one is within the FDCPA's one-year statute of limitations. Defendant does not contend that any of the letters are untimely under the ICFA.

including information about the account number, the principal balance, the escrow and interest amounts, and a tear-off portion at the bottom with the words: "AMOUNT DUE" and the relevant totals both with and without late charges—explicitly state, "***This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose.***" Def.'s Mot., Exhs D-G.[2]

Defendant argues that notwithstanding these statements, an unsophisticated consumer would understand that the statements are not an attempt to collect a debt from a debtor in bankruptcy, since the statement also contains a two-part bankruptcy disclaimer. On the first page, under the heading "**Important Messages**" the documents state: "If you are currently in bankruptcy or if you have filed for bankruptcy since obtaining this loan, please read the bankruptcy information provided on the back of this statement." The back of the statement contains, at the bottom of a table also containing sections captioned "**PAYMENT ADDRESS**," "**IMPORTANT PAYMENT REMINDERS,**" and "**PAYMENT OPTIONS,**" among others, a section captioned, "**IMPORTANT BANKRUPTCY INFORMATION**," which states:

---

[2] The complaint itself appends only the first page of these statements, but as defendant acknowledges, I may consider the whole of the document because plaintiff refers to it in the complaint and it is central to his claim. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).

> If you or your account are (sic) subject to pending bankruptcy or the obligation referenced in this statement has been discharged in bankruptcy, this statement is for informational purposes only and is not an attempt to collect a debt. If you have any questions regarding this statement, or do not want Ocwen to send you monthly statements in the future, please contact us at 1-888-554-6599. Bankruptcy payments from the Trustee should be mailed to Ocwen Loan Servicing, LLC, P.O. Box 24781, West Palm Beach, FL 33416-4781.

Defendant acknowledges that whether correspondence from a debt collector is confusing or misleading is generally a factual question, but it argues that the language above negates any reasonable inference that the account statements at issue are attempts to collect a debt. While I agree that the "bankruptcy disclaimer" itself uses straightforward language, I am not persuaded of its "prominent" placement, nor do I conclude, as a matter of law, that an unsophisticated consumer would understand it as negating the overall thrust of the account statement, which not only states elsewhere that it *is* an attempt to collect a debt, but also contains the hallmarks of a demand for payment, right down to payment instructions and a detachable payment coupon.

None of defendant's authorities compels a contrary conclusion. Few of the cited decisions involved motions to dismiss, and several contain observations that arguably support plaintiff's position, such as the court's remark in *In re Zotow*, 432 B.R. 252, 259 (9th Cir. 2010), that "statements provided

3

'for information purposes' should not request payment for amounts past due or enclose a payment coupon or return envelope."

Defendant's arguments directed at plaintiff's ICFA claim fail for similar reasons, as I am not persuaded that the account statements were not misleading as a matter of law.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: April 6, 2015